**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**SILVIA SEPULVEDA-RODRIGUEZ,**

**Plaintiff,**

**v.**

**METLIFE GROUP, INC., a New York Corporation, METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation, FORD MOTOR COMPANY, a Delaware Corporation,**

**Defendants.**

**8:16CV507**

**ORDER**

This matter is before the court on the Motion for Leave to Amended Complaint (Filing No. 27) filed by Plaintiff, Silvia Sepulveda-Rodriguez. Plaintiff notified the court that the motion is opposed; however, no defendant filed a brief opposing the motion by the response deadline of February 28, 2017.[1] Therefore, the court determines the motion is ripe for decision.

Plaintiff filed her Complaint on November 15, 2016, asserting one cause of action for failure to provide plan documents to a plan beneficiary in violation of Section 502(c)(1) of ERISA. (Filing No. 1). Plaintiff seeks to amend her Complaint to add additional claims for Failure to Provide Plan Benefits in Violation of Section 502(a)(l)(B) of ERISA; Breach of Fiduciary Duty in Violation of Section 502(a)(3) of ERISA (Surcharge); Breach of Fiduciary Duty in Violation of Section 502(a)(3) of ERISA (Reformation); and Breach of Fiduciary Duty in Violation of Section 502(a)(3) of ERISA (Equitable Estoppel). Plaintiff also requests additional relief of a judgment against Defendants, jointly and severally, in the amount of $98,800.00; a surcharge remedy against Defendants; a reformation of the Policy at issue under 29 U.S.C. § l 132(a)(3); and prejudgment and post-judgment interest, as allowed by law. (Filing No. 27).

[1] See NECivR 6.1 and 7.1(b) (Effective December 1, 2016).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). When a party seeks leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

The scheduling order in this case provided January 24, 2017, as the deadline to amend pleadings. (Filing No. 23 at p. 2). Plaintiff filed this motion to amend three weeks later, on February 14, 2017. Although Plaintiff's motion is not timely under the progression order, the court finds that the three week delay would not prejudice any party. Plaintiff asserts good cause exists to amend her Complaint because discovery has not commenced and no trial date has been set; her additional claims are within the statute of limitations; and the facts of the Amended Complaint arise out of and are intermingled with those of the Complaint and relate to the benefits and administration of the same life insurance policy in the initial Complaint. Having fully considered the matter, and considering that leave to amend pleadings should freely be given, the court will grant Plaintiff's motion for leave to file an amended complaint. Accordingly,

**IT IS ORDERED:** Plaintiff's Motion for Leave to Amended Complaint (Filing No. 27) is granted. Plaintiff shall file her Amended Complaint on or before March 8, 2017.

**DATED: March 1, 2017.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**