IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SILVIA SEPULVEDA-RODRIGUEZ,<br><br>Plaintiff,<br>vs.<br><br>METLIFE GROUP, INC.,<br> a New York Corporation,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, a New York Corporation, and<br>FORD MOTOR COMPANY, a Delaware<br>Corporation,<br><br>Defendants. | 8:16CV507<br><br><br><br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW the Plaintiff, Silvia Sepulveda-Rodriguez, by and through the undersigned counsels, and hereby files her First Amended Complaint against the Defendants, MetLife Group, Inc. ("MetLife"), Metropolitan Life Insurance Company ("Metropolitan"), and Ford Motor Company ("Ford"). In support hereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, *et seq*. (ERISA).

2. Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### PARTIES

3. Plaintiff, Silvia Sepulveda-Rodriguez, is a resident of Omaha, Nebraska.

4. Plaintiff was married to Jose L. Monarrez, deceased.

5. At all times material herein, Defendant MetLife, through its agents and/or

1

employees, made decisions regarding benefits available to the Plaintiff's deceased husband for the Policy at issue in this matter. Defendant MetLife was also a third-party administrator of said Policy.

6. At all times material herein, Defendant Metropolitan, through its agents and/or employees, made decisions regarding benefits available to the Plaintiff's deceased husband for the Policy at issue in this matter. Defendant Metropolitan was also a third-party administrator of said Policy.

7. Defendant Metropolitan is a wholly owned subsidiary of MetLife, Inc.

8. On information and belief, Defendant Ford was and is the sponsor and administrator for the Policy at issue in this matter.

## FACTS

9. At all relevant times herein, Plaintiff's husband, Jose L. Monarrez, was employed by Defendant Ford, including on June 4, 2015, when he passed away.

10. At the time of his passing, Mr. Monarrez was insured under the MetLife Optional Life Insurance Group Life Policy (the "Policy").

11. Defendant Ford provided Mr. Monarrez said Policy through his employment with Defendant Ford.

12. Plaintiff was and remains the sole beneficiary of said Policy.

13. Mr. Monarrez enrolled for benefits under this Policy on or about November 5, 2013, at the time he was first employed by Defendant Ford.

14. At no time from the date of enrollment to his passing did Defendant Ford, Defendant MetLife or Defendant Metropolitan inform Mr. Monarrez of any additional requirement for the

Policy to be in force.

15. In fact, quite to the contrary, from the November 2013 through on or about June 4, 2015, the date of Mr. Monarrez's passing, Defendant Ford withheld premiums for said Policy from Mr. Monarrez's paychecks.

16. On September 21, 2015, following Mr. Monarrez's passing, the Plaintiff made a claim with Defendant Metropolitan for benefits under the Policy.

17. Said benefit amount claimed was Ninety Eight Thousand Eight Hundred Dollars ($98,800).

18. On October 7, 2015, after receiving the Plaintiff's claim for benefits, Defendant Metropolitan requested the last two years of medical records for Mr. Monarrez.

19. In a letter dated February 15, 2016, Defendant Metropolitan denied coverage for the Policy.

20. Defendant Metropolitan's letter stated that the basis for the denial was Mr. Monarrez's answer to certain medical questions at the time of his enrollment in 2013.

21. It further alleges that because a "Statement of Health" form, which would provide more detailed medical information, was not completed, coverage was being denied.

22. However, the Policy does not require a specific "Statement of Health" as a condition for coverage.

23. Rather, the Policy only requires "evidence of insurability satisfactory to Us…" for Policy coverage.

24. In fact, Mr. Monarrez and the Plaintiff were required or requested to complete medical physicals by Defendants, or one of them, to maintain this Policy coverage.

25. These physicals were completed by Mr. Monarrez and the Plaintiff on or about March 23, 2015, over a year after enrolling in the Policy.

26. Therefore, any alleged reliance on Mr. Monarrez's answers to medical questions was superseded by reliance on, and acceptance of, his medical examination and the results thereof by Defendants.

27. On January 26, 2016, Defendant Metropolitan admitted that, at the time of Mr. Monarrez's enrollment in November 2013, there was no information in his medical records to support disclosure of a medical condition in his answers.

28. Instead, the denial was based on medical information from 2004-2009, rather than Mr. Monarrez's medical records for the last two years before enrollment and/or passing, as was requested.

29. Further, Defendants accepted premiums for said Policy from Mr. Monarrez.

30. On April 15, 2016, Plaintiff timely appealed this denial of benefits under the Policy and requested in writing from Defendant Metropolitan, among other things, the Summary Plan Description ("SPD") in effect at the time Mr. Monarrez applied for benefits and on the date of his death.

31. In this written request, she also requested a copy of the Group Optional Life Insurance Policy, if different from the SPD.

32. On June 23, 2015, after receiving no response, the Plaintiff, this time through counsel, sent another letter to Defendant Metropolitan.

33. In its response dated July 12, 2016, Defendant Metropolitan provided some documents, but not the SPD or Policy, as requested.

34. After additional correspondence with MetLife, another written request for the SPD and/or Policy was sent to Defendant Metropolitan on August 19, 2016.

35. In its response dated August 26, 2016, Defendant Metropolitan referred the Plaintiff to the Ford National Employee Service Center to obtain a copy of the SPD.

36. On September 1, 2016, Plaintiff, again through her then counsel, requested in writing from Defendant Ford the SPD and/or the Policy, if separate.

37. To date, Defendant Ford has failed to provide the Plaintiff with a response.

38. On October 4, 2016, the Plaintiff, through counsel, sent written request to both Defendants seeking a copy of the SPD and/or Policy, and requesting the same to avoid formal litigation to compel production of said requested documents.

39. Both Defendants ignored Plaintiff's multiple written requests for the SPD and/or Policy made through counsel.

40. Plaintiff has been required to retain an attorney and incur attorney fees and costs to secure Defendants' compliance in providing the SPD and/or copy of the Policy at issue, and to ensure that she receives benefits to which she is entitled under the Policy, which were denied by Defendants.

41. On October 28, 2016, Defendant Ford mailed Plaintiff's prior counsel a copy of the SPD, which was received on November 3, 2016.

### CAUSE OF ACTION I - FAILURE TO PROVIDE PLAN DOCUMENTS IN VIOLATION OF SECTION 502(c)(1) OF ERISA

42. Plaintiff incorporates the allegations contained in Paragraphs 1 through 41 as if fully

stated herein.

43. Defendants Ford and Metropolitan violated Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B) by failing and refusing to comply with Plaintiff's requests for information that is required to be furnished to a plan beneficiary under ERISA.

44. Plaintiff is entitled to $110 per day after 30 days from the date of Defendant Metropolitan's failure and refusal to comply with the Plaintiff's written request for the Policy and/or SPD, and such other relief as this Court deems proper, pursuant to Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B).

45. Plaintiff is entitled to $110 per day after 30 days from the date of Defendant Ford's failure and refusal to comply with the Plaintiff's written request for the Policy and/or SPD, and such other relief as this Court deems proper, pursuant to Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B).

46. As beneficiary under her deceased husband's Policy, the Plaintiff is entitled to the SPD and Policy, as reasonably requested by her multiple times in writing.

47. Plaintiff is entitled to daily damages from May 15, 2016, through either October 28, 2016, the date Defendant Ford mailed the required information, or November 3, 2016, the date on which Plaintiff received said information.

WHEREFORE, as a result of the acts and/or omissions of the Defendants herein, the Plaintiff requests a judgment in an amount equal to $110 per day for each day that Defendant Ford failed to provide Plaintiff with the SPD and/or Policy under ERISA, after 30 days written notice; a judgment in an amount equal to $110 per day for each day that Defendant Metropolitan failed to provide Plaintiff with the SPD and/or Policy under ERISA, after 30 days written notice; for

reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); pre-judgment and post-judgment interest, as allowed by law; and for such other and further equitable relief as the Court deems just and proper under the circumstances.

### CAUSE OF ACTION II - FAILURE TO PROVIDE PLAN BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

48. Plaintiff incorporates the allegations contained in Paragraphs 1 through 47 as if fully stated herein.

49. Plaintiff's spouse, Mr. Monarrez, was a "participant", as that term is defined by 29 USC 1102(7), in the Policy, which is an "employee welfare plan" as defined by 29 USC 1002(1).

50. Consequently, Plaintiff is the beneficiary, as defined by 29 USC 1002(8), of said life insurance Policy.

51. Plaintiff remains entitled to life insurance under said Policy because Mr. Monarrez, as participant, fully performed the requirements of him under said Policy.

52. Defendant Ford, as the plan administrator, continues to wrongfully deny Plaintiff said Policy benefits, in violation of ERISA section 502(a)(1)(B), 29 USC 1132(a)(1)(B).

53. Further, Defendant Metropolitan, acting as third-party administrator, was responsible for making decisions relating to coverage of the life insurance policy at issue.

54. On information and belief, Defendant Metropolitan made the decision to deny coverage, and should be liable to the same extent as the plan administrator, Defendant Ford.

WHEREFORE, as a result of the acts and/or omissions of the Defendants herein, the Plaintiff requests a judgment in the amount of Ninety Eight Thousand Eight Hundred Dollars ($98,800.00)

against Defendants herein, jointly and severally; ordering the Defendants, jointly and severally, to provide the Plaintiff with said benefit amount on or before a date certain, such date to be reasonably established by the Court; for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); pre-judgment and post-judgment interest, as allowed by law; and for such other and further equitable relief as the Court deems just and proper under the circumstances.

## CAUSE OF ACTION III – BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 502(a)(3) OF ERISA (SURCHARGE)

55. Plaintiff incorporates the allegations contained in Paragraphs 1 through 54 as if fully stated herein.

56. As the plan administrator, Defendant Ford is a fiduciary of said life insurance plan.

57. Defendant Metropolitan is responsible for reviewing claims, including the claim made for life insurance by the Plaintiff.

58. Consequently, Defendant Metropolitan is also a fiduciary under 29 USC § 1002(21), as a party with authority or control regarding claims approval or denial.

59. In its letter denying coverage dated February 15, 2016, Defendant Metropolitan denied coverage for the Policy, stating that denial was based on a lack of a "Statement of Health" form.

60. However, the Policy does not require a specific "Statement of Health" as a condition for coverage, but only requires "evidence of insurability satisfactory to Us…" for Policy coverage.

61. Defendant Ford did not provide any notice that a "Statement of Health" was required for coverage under the Policy.

62. In fact, Mr. Monarrez and the Plaintiff completed medical physicals requested by Defendants, or one of them, and these physicals were completed on or about March 23, 2015, over a year after enrolling in the Policy.

63. Defendants breached the fiduciary duty to Mr. Monarrez and the Plaintiff by failing to provide Mr. Monarrez with notice that a Statement of Health was required after his physical was completed.

64. Had Mr. Monarrez been furnished with notice of such requirement, he would have completed the "Statement of Health."

WHEREFORE, as a result of the acts and/or omissions of the Defendants herein that constitute breaches of fiduciary duties, the Plaintiff requests a surcharge remedy be entered against Defendants herein; that judgment be entered in the amount of Ninety Eight Thousand Eight Hundred Dollars ($98,800.00) against Defendants herein, jointly and severally, which is the proper amount to make the Plaintiff whole as a result of said breaches of fiduciary duty; ordering the Defendants, jointly and severally, to provide the Plaintiff with said benefit amount or before a date certain, such date to be reasonably established by the Court; for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); pre-judgment and post-judgment interest, as allowed by law; and for such other and further equitable relief as the Court deems just and proper under the circumstances.

### CAUSE OF ACTION VI – BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 502(a)(3) OF ERISA (REFORMATION)

65. Plaintiff incorporates the allegations contained in Paragraphs 1 through 64 as if fully stated herein.

66. Defendants breached their fiduciary duty under 29 USC § 1104(a)(1)(B) to Mr. Monarrez and Plaintiff by withholding, from Mr. Monarrez's paychecks, premiums for said Policy from the November 2013 through Mr. Monarrez's passing.

67. Based on the regular withholding, and the medical examination to which Mr. Monarrez and the Plaintiff submitted, the Defendants reasonably induced him into believing that the Policy was in effect and that no further action was required for coverage.

68. Following Mr. Monarrez's death, he was then denied coverage.

69. Such constitutes a mutual mistake by both Mr. Monarrez and the Defendants, or fraud on the part of Defendants herein and a mistake on the part of Mr. Monarrez.

70. By deducting premiums and accepting such payment for the Policy, the Defendants have waived the requirement for additional evidence of insurability beyond what was submitted.

WHEREFORE, as a result of the acts and/or omissions of the Defendants herein that constitute breaches of fiduciary duties, the Plaintiff requests a reformation under 29 USC § 1132(a)(3) of the Policy, eliminating any requirement that Mr. Monarrez submit any additional evidence of insurability; that judgment be entered in the amount of Ninety Eight Thousand Eight Hundred Dollars ($98,800.00) against Defendants herein, jointly and severally, which is the proper amount to make the Plaintiff whole as a result of said breaches of fiduciary duty; ordering the Defendants, jointly and severally, to provide the Plaintiff with said benefit amount on or before a date certain, such date to be reasonably established by the Court; for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); pre-judgment and post-judgment interest, as allowed by law; and for such other and further equitable relief as the Court deems just and proper under the circumstances.

## CAUSE OF ACTION V – BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 502(a)(3) OF ERISA (EQUITABLE ESTOPPEL)

71. Plaintiff incorporates the allegations contained in Paragraphs 1 through 70 as if fully stated herein.

72. Mr. Monarrez and the Plaintiff detrimentally relied on the regular withholding of Policy premiums, and the medical examination to which Mr. Monarrez and the Plaintiff submitted, to believe that the Policy was in effect and that no further action was required for coverage.

73. By denying the existence of such Policy, after Mr. Monarrez passed away, the Plaintiff has also been prejudiced.

74. Consequently, the Defendants should be estopped from denying the validity of said Policy, and estopped from denying coverage under said Policy to the Plaintiff.

WHEREFORE, as a result of the acts and/or omissions of the Defendants herein that constitute breaches of fiduciary duties, the Plaintiff requests the Court find, under 29 USC § 1132(a)(3), that Mr. Monarrez and the Plaintiff detrimentally relied on said the acts and/or omissions of the Defendants; that judgment be entered in the amount of Ninety Eight Thousand Eight Hundred Dollars ($98,800.00) against Defendants herein, jointly and severally, which is the proper amount to make the Plaintiff whole as a result of said breaches of fiduciary duty; ordering the Defendants, jointly and severally, to provide the Plaintiff with said benefit amount on or before a date certain, such date to be reasonably established by the Court; for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); pre-judgment and post-judgment interest, as allowed by law; and for such other and further equitable relief as the Court deems just and proper under the

circumstances.

DATED March 1, 2017

By: _____
Thomas J. Monaghan, #12874
Rodney C. Dahlquist, Jr., #23912
Dornan Lustgarten & Troia, P.C., L.L.O.
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
(402) 884-7045 facsimile
tom@dltlawyers.com
rodney@dltlawyers.com
Attorneys for Plaintiff