IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SILVIA SEPULVEDA-RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation; and FORD MOTOR COMPANY, a Delaware Corporation;<br><br>Defendants. | 8:16CV507<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's motion for attorney fees and costs Filing No. 75.

I.      BACKGROUND

This court found in favor of Sepulveda-Rodriguez on her claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.* The court held that Metropolitan Life Insurance Company ("Metropolitan") abused its discretion in denying supplemental life insurance coverage under a policy provided by plaintiff's late husband's employer. The court found Metropolitan's denial was not supported by sufficient evidence and was not a reasonable interpretation of the terms of the Plan. Further, the court found that Metropolitan and defendant Ford Motor Company ("Ford"), the plaintiff's decedent's employer, breached fiduciary duties to the beneficiary. The court also found Ford failed to timely provide Plan documents to the beneficiary and was liable for statutory damages under the statute.

The plaintiff has submitted timesheets and affidavits showing the qualifications of counsel.[1] Sepulveda-Rodriguez seeks attorney fees in the amount of $27,045 and costs of $420. That amount represents 38.1 hours of work by Thomas Monaghan at the rate of $350.00 per hour, for a total of $13,335; 47.4 hours of work by Rodney C. Dahlquist at the rate of $250.00 per hour, for a total of $11,850; and 15.5 hours of work by paralegal Lucy Bower at the rate of $120.00 per hour, for a total of $1,860.

Defendant Metropolitan renews its position on the merits of the plaintiff's right to recover under ERISA, contending that the plaintiff is not entitled to fees under a proper resolution of this action. Metropolitan has also filed a notice of appeal. It does not challenge the amount of fees requested by the plaintiff. Ford reserves the positions it previously expressed in briefing on the summary judgment motions and its right to appeal, but does not dispute the reasonableness of the total amount of plaintiff's attorney's fees for handling this entire litigation. It does, however, dispute the imposition of an award of attorney's fees in the amount sought by the plaintiff against Ford, contending that fees should be denied as to Ford, or, in the alternative, that the court should award fees in a lesser amount against Ford, commensurate with its degree of culpability.

II.    LAW

Under ERISA, a court is authorized, in its discretion, to award a reasonable attorney fee and costs to either party. 29 U.S.C. § 1132 (g)(1). A plaintiff is required to achieve "some degree of success on the merits" to recover attorney fees under ERISA. *Hardt v.*

---

[1] The evidence shows Dahlquist has a broad general civil litigation practice including complex RICO matters, class action lawsuits and civil rights cases. Monaghan was the United States Attorney for the District of Nebraska from 1996 through 2003 and thereafter served as the Director of the Department of Justice with the United Nations in Kosovo. He has significant experience practicing before various United States District Courts on complex criminal and civil cases. Dahlquist was principally responsible for legal research, reviewing the administrative record, and drafting pleadings, motions, and briefs. He and Monaghan, formulated the strategy of the case and met regularly. Monaghan supervised the case, including formulating the legal issues and strategy and communicated with the client directly.

*Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (clarifying that a party need not attain "prevailing party" status to receive such an award). The standard is satisfied if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue. *Thole v. U.S. Bank, Nat'l Ass'n*, 873 F.3d 617, 630 (8th Cir. 2017).

Once the threshold is met, a court in exercising its discretion may then consider factors such as: (1) degree of culpability or bad faith, (2) ability to satisfy an award of attorney's fees, (3) potential for deterring other persons acting under similar circumstances, (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions. *See Hardt*, 560 U.S. at 255 n. 8; *In re Interstate Bakeries Corp.*, 704 F.3d 528, 537-38 (8th Cir. 2013); *Eisenrich v. Minneapolis Retail Meat Cutters and Food Handlers Pension Plan*, 574 F.3d 644, 651 (8th Cir. 2009). This list of factors is not exclusive or to be mechanically applied, however, and "district courts should use the factors and other relevant considerations as general guidelines for determining when a fee is appropriate." *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (*en banc*)). Although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees. *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006).

The court uses the lodestar method of multiplying the number of hours billed by the reasonable hourly rate to determine the fee amount. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002); *see also Brown v. Aventis Pharms., Inc.*, 341 F.3d 822, 829 (8th Cir. 2003) (approving the use of the lodestar method). The court may use its own

knowledge of the prevailing market rates to determine a reasonable hourly rate. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Id.*

Co-fiduciary liability is joint and several under ERISA. 29 U.S.C. § 1105(a); *see Donovan v. Robbins*, 752 F.2d 1170, 1185-86 (7th Cir. 1985) (concurring opinion) (noting that the accepted law of trusts is that if several trustees unite in a breach of trust, they are jointly and severally liable, and the entire claim . . . may be satisfied from the property of one trustee); *see also Travelers Cas. & Sur. Co. of Am. v. IADA Servs. Inc.*, 497 F.3d 862, 864–66 (8th Cir. 2007) (ERISA does not permit contribution or indemnity between co-fiduciaries); *Chesemore v. Fenkell*, 829 F.3d 803, 813 (7th Cir. 2016) (noting split in the circuits on the question of contribution and indemnification).

III.    DISCUSSION

The court finds Sepulveda-Rodriguez has achieved a degree of success that makes her eligible for an award of fees. She has obtained all the relief she sought.

In analyzing the factors set forth above, the court finds a degree of culpability on the part of the defendants that weighs in favor of an award of fees. Metropolitan's decision to deny coverage was not supported by sufficient evidence. The file was generally mismanaged in that there was no record of the questions the plaintiff's decedent had been asked or what he answered. Metropolitan's claims examiners gave conflicting responses, created delay, ignored medical evidence, and concluded that the decedent had been untruthful without evidence to back up that conclusion. Further, Metropolitan was unable to show it would have denied coverage even if the decedent had been asked coverage questions concerning his heart disease history and had replied affirmatively to those questions. Also, the coverage provisions of Metropolitan's policy and Summary Plan

Document were generally vague and inconsistent. Metropolitan and Ford both stalled the claimant on providing copies of relevant documents and Metropolitan requested numerous consents to obtain medical records.

The defendants' conduct, though not malicious or in bad faith, can generally be characterized as a bureaucratic nightmare. With respect to the second factor, ability to pay, there is no dispute that the defendants can afford the fees and costs. The third factor, the deterrent effect on others, also weighs in favor of plaintiff. A fee award will deter ERISA fiduciaries from wrongful denial of claims and further the remedial goals of the statute. The fourth factor—whether the claimant sought to benefit all ERISA participants and beneficiaries to resolve a significant legal issue—has no significant impact on the case. With respect to the fifth factor, the court finds the relative merits of Sepulveda-Rodriguez's case outweigh those of the defendants. As noted, Sepulveda-Rodriguez made a strong showing that Metropolitan abused its discretion, both defendants breached their fiduciary duties, and Ford failed to timely provide documents.

In view of the foregoing, the court finds an award of fees is appropriate. The court will assess fees and costs against both Metropolitan and Ford, jointly and severally. In the Eighth Circuit, the district court is without authority to apportion fees between the two defendants based on relative culpability.

The defendants do not contest the reasonableness of the amount of fees sought. The court finds the time expended by counsel was reasonable for a case of this nature. Although this is a fairly straightforward ERISA case, it involved a voluminous and confusing record and extensive medical records. The plaintiff was required to research and brief several issues. Based on the court's familiarity with fees in the community, the court finds the hourly rates of the plaintiffs' attorneys and paralegal are reasonable. These rates are in

line with awards in other ERISA cases.  In view of plaintiff's counsels' experience and expertise, the court finds fees of $250 and $350 an hour are not out of line for attorneys in Omaha with plaintiff's counsels' experience records of success.  Also, not many attorneys in the local market are willing to prosecute ERISA cases.  Accordingly, the court finds an award of fees at respective hourly rates of $250 and $350 for attorneys and $120 an hour for a paralegal are appropriate.

IT IS ORDERED that:

1.    Plaintiff's motion for attorney fees (Filing No. 75) is granted;

2.    Plaintiff is awarded fees in the amount of $27,045 and costs in the amount of $420.

3.    A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 5th day of April, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge